1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT TUNSTALL,                           No.  2:15-cv-0502 DAD P

12                 Plaintiff,

13          v.                                    ORDER & FINDINGS AND
                                                  RECOMMENDATIONS
14    BRIAN DUFFY, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18    42 U.S.C. § 1983.  Currently pending before the court are plaintiff's motions for a preliminary

19    injunction and for appointment of counsel.  Plaintiff has also failed to respond to the court's order

20    directing him to file a proper application to proceed in forma pauperis.  Each of these matters is

21    addressed in turn below.

22    I.  Motion for a Preliminary Injunction

23          On May 5, 2015, plaintiff filed a motion for preliminary injunction, seeking therein to

24    expunge a prison rules violation report ("RVR") issued to him during March 2010.[1]  (ECF

25    No. 24.)  The court will deny this motion, for the reasons set forth below.

26    ──────────────────────
      [1]  In his moving papers, plaintiff states that the RVR he is challenging was issued on March 20,
27    2010.  The pertinent RVR, however, appears to be attached as an exhibit to plaintiff's motion (see
      ECF No. 24 at 11-14) and is dated March 30, 2010.  This discrepancy plays no role in the court's
28    decision to deny plaintiff's motion.

                                                  1

1    First, plaintiff's motion fails to comply with the requirements of Local Rule 231(c).

2    Specifically, plaintiff's motion for injunctive relief is not supported by a declaration made under

3    penalty of perjury on the question of irreparable injury.

4    Second, plaintiff seeks an injunction against parties who are not named as defendants in

5    this action.  This court is unable to issue an order against individuals who are not proper parties to

6    the lawsuit.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969);

7    Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

8    may issue an injunction if it has personal jurisdiction over the parties and subject matter

9    jurisdiction over the claim; it may not attempt to determine the rights of persons not before the

10   court.").  In his complaint, plaintiff names as defendants Brian Duffy, S. Nowling, S. Bahadur,

11   S. Lee, D. Britton, A. Avalos, E. Balano, and K. Johnson.  (See ECF No. 5.)  Yet none of these

12   individuals is identified in plaintiff's motion for preliminary injunction.  Instead, in his motion for

13   preliminary injunction plaintiff refers to a Lt. R. Brown and an Officer Sahota.  However, neither

14   Brown nor Sahota is named in the complaint as a defendant.  The RVR which plaintiff appears to

15   be seeking to expunge, and which is attached as an exhibit to his motion, identifies L.N. Flores,

16   Facility Captain, as the "Reporting Employee" as to the incident in question.  (ECF No. 24 at

17   11.)  Yet Captain Flores is also not named in plaintiff's complaint as a defendant.

18   Due to plaintiff's failure to comply with the Local Rules, and his failure to name one or

19   more of the defendants in his motion for preliminary injunction, plaintiff's motion will be denied

20   without prejudice.

21   II.  Request for Appointment of Counsel

22   In addition, plaintiff again[2] requests appointment of counsel in this matter.  The United

23   States Supreme Court has ruled that district courts lack authority to require counsel to represent

24   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

25   (1989).  In certain exceptional circumstances, the district court may request the voluntary

26   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

27

28   [2] By order filed April 8, 2015, the court denied two earlier requests by plaintiff for appointment of
     counsel in this action.  (ECF No. 20.)

1    (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

2    The test for exceptional circumstances requires the court to evaluate the plaintiff's

3    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

4    light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

5    1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

6    common to most prisoners, such as lack of legal education and limited law library access, do not

7    establish exceptional circumstances that would warrant a request for voluntary assistance of

8    counsel.

9    In the present case, the court does not find the required exceptional circumstances.

10   Accordingly, plaintiff's renewed motion for appointment of counsel will be denied.

11   III.  <u>Failure to File In Forma Pauperis Affidavit</u>

12   By order filed March 23, 2015, plaintiff was ordered to file, within thirty days, an in

13   forma pauperis affidavit on the form used by this judicial district and was cautioned that his

14   failure to do so would result in a recommendation that this action be dismissed.  (ECF No. 17.)

15   The thirty-day period has now expired, and plaintiff has neither responded to the court's order nor

16   filed an in forma pauperis affidavit.  Accordingly, it will be recommended that this action be

17   dismissed without prejudice.

18   IV.  <u>Conclusion</u>

19   For all of the reasons set forth above, IT IS HEREBY ORDERED that:

20   1.  Plaintiff's May 4, 2015 motion for injunctive relief (ECF No. 24) is denied without

21   prejudice.

22   2. Plaintiff's April 9, 2015 and April 10, 2015 requests for appointment of counsel (ECF

23   Nos. 21, 22) are denied without prejudice.

24   3.  The Clerk of the Court shall appoint a district judge in this action.

25   IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

26   These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

3

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3   objections shall be filed and served within fourteen days after service of the objections.  The

4   parties are advised that failure to file objections within the specified time may waive the right to

5   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6   Dated:  May 15, 2015

7

8   _____
    DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

9   DAD:10
    tuns0502.fifp

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4